UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| JACK MANN, | ) |
| | ) |
| Petitioner, | ) Civil No. 16-88-HRW |
| | ) |
| V. | ) |
| | ) |
| JODIE L. SNYDER-NORRIS, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Jack Mann is an inmate confined by the Bureau of Prisons ("BOP") at the Federal Correctional Institution-Ashland, located in Ashland, Kentucky ("FCI-Ashland"). Proceeding without an attorney, Mann has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. No. 1], as well as briefs in support of his § 2241 petition. [D. E. Nos. 1-2, 7] In his petition, Mann challenges his exclusion from the BOP's Residential Drug Abuse ("RDAP") Program.[1]

### I.   Procedural Background

In September 2010, pursuant to a Plea Agreement with the United States Attorney for the Northern District of Indiana, Mann pled guilty in the United States

---

[1] The RDAP is a program through which qualified federal inmates receive various incentives for participating in drug abuse treatment programs. 28 C.F.R. § 550.57. The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B).

1

District Court for the Northern District of Illinois to Solicitation to Commit Murder in violation of 18 U.S.C. § 373 and 18 U.S.C. § 2.[2] *United States v. Jack Mann*, No. 1:10-CR-35-2-SMM (N.D. Ill. 2010). [Record Nos. 10, 43, 44, 86, 91, 146 therein] Mann was sentenced by the Honorable William J. Hibbler, United States District Judge for the Northern District of Illinois, to one hundred and five (105) months of imprisonment. [*Id.* at Record No. 86-2] In the Judgment, Judge Hibbler states: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: ONE HUNDRED-FIVE (105) MONTHS. *Defendant shall participate in the Residential Drug and Alcohol Program and mental health evaluation and treatment.*" [*Id.* (emphasis added)] With respect to the recommendations made to the Bureau of Prisons, Judge Hibbler recommends that Defendant be placed at the Oxford, Wisconsin or Milan, Michigan facility. [*Id.*]

In his petition, Mann argues that, because the language in the Judgment stating that "Defendant shall participate in the Residential Drug and Alcohol Program and mental health evaluation and treatment," is part of the sentencing language itself and not in the "Recommendations" section of the Judgment, the

---

[2] The victims in Mann's solicitation case were an Assistant United States Attorney in the Northern District of Illinois and a Drug Enforcement Administration Special Agent assigned to Mann's co-defendant's drug case that was pending in the Northern District of Illinois. Thus, Mann's plea agreement was handled by the Office of the United States Attorney for the Northern District of Indiana.

2

Judgment imposes a requirement that Mann participate in the RDAP program. [D.E. No. 1 at p. 3] Although Mann concedes that the BOP has control over participation in treatment programs, including the RDAP, he argues that, in his case, his participation in the RDAP is required by his Judgment. [D.E. No. 1 at p. 5] Accordingly, Mann argues that the BOP's failure to comply with this requirement of his Judgment is arbitrary and capricious in violation of the APA, as well as his constitutional rights. [*Id.*; D.E. No. 1-2 at p. 1-3] Mann also argues that, as a result of his exclusion from the RDAP, he is being treated differently to other federal inmates who are "similarly situated" and that this unequal treatment is the result of purposeful or intentional discrimination. [D.E. No. 1 at p. 5; D.E. No. 1-2 at p. 3] Finally, Mann argues that, because the BOP has allegedly "dragged their feet to assure that Mann is not given the ability to participate or receive the time credit" for the RDAP program, he should now be given full credit for the participation in the RDAP program, even though he has not actually participated. [D.E. No. 1 at p. 3]

**II. Analysis**

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court evaluates Mann's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations

as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). After reviewing Mann's petition, the Court concludes that it must be denied because, for several reasons, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

First, although Mann argues that the BOP's placement decision is "arbitrary and capricious" in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A)-(C), the BOP's determinations regarding halfway house placement are expressly insulated from judicial review under the APA. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015). Indeed, as Mann even recognizes in his petition, "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' and the treatment programs (if any) in which he may participate." *Tapia v. United States*, 564 U.S. 319, 331 (2011)(citing 18 U.S.C. §§ 3621(b), (e), (f); 3624(f); 28 C.F.R. pt. 544 (2010)). As explained by the United States Supreme Court, "A sentencing court can *recommend* that the BOP place an offender in a particular facility or

4

program. But decisionmaking authority rests with the BOP." *Id.* (citing 18 U.S.C. § 3582(a)).

Thus, the language of Judge Hibbler's Order stating that "Defendant shall participate in the Residential Drug and Alcohol Program and mental health evaluation and treatment" must be construed as a recommendation, albeit a very strong one, to the BOP that Mann be placed in the RDAP. However, this recommendation does not require the BOP to place Mann in the RDAP.

Moreover, to the extent that Mann challenges the BOP's determination with respect to his participation in an RDAP on constitutional grounds, any such challenge fails as a matter of law, as Mann does not have a constitutional right to participate in an RDAP . Cf. *Standifer v. Ledezma*, 653 F.3d 1276, 1279 (10th Cir. 2011) (no constitutional right to participate in RDAP).

Finally, the BOP's online Inmate Locator Database indicates that Mann has already been released from prison and transferred to a halfway house in the Chicago, Illinois area, and that he will be released from that facility on January 6, 2018. See https://www.bop.gov/inmateloc/ (last visited on July 18, 2017). Mann has also filed a change of address in the record in this case indicating that he now resides in Chicago, Illinois. [D.E. Nos. 8, 9] Mann's release from incarceration to a halfway house renders his claim seeking an earlier placement in an RDAP moot. *Miller v. Whitehead*, 527 F. 3d 752, 756 (8th Cir. 2008); *Zomber v. Stine*, No. 7: 07-402-DCR,

5

2008 WL 1735169, at *2 (E.D. Ky. Apr. 11, 2008) ("The Sixth Circuit has ruled that a prisoner's placement in a RRC during the pendency of a habeas corpus petition seeking earlier placement renders the petition moot, and also falls outside the exception to mootness for cases 'capable of repetition, yet evading review.'") (citing *Brock v. United States Dept. of Justice*, 2007 WL 4163854, at *2 n.3 (6th Cir. 2007)).

For each of the foregoing reasons, Mann's petition must be denied. Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner Jack Mann's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 28th day of July, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge